UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVON VAN DOREN, and<br>NATHANIEL MONK, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 17-CV-0053-CVE-FHM |
| TRINITY CONTAINERS, LLC, | )<br>)<br>) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to dismiss (Dkt. # 15). Defendant asks the Court to dismiss plaintiffs' claims because they have failed to state a claim upon which relief can be granted. Defendant also asserts that plaintiff Nathaniel Monk's claim for hostile work environment and plaintiff Davon Van Doren's failure to promote claim should be dismissed for failure to exhaust administrative remedies. Dkt. # 15, at 1. Plaintiffs assert that they have sufficiently pled their claims, and, alternatively, ask the Court for leave to amend their complaint. Dkt. # 23, at 2-3. Plaintiffs also argue that Monk's claims have been administratively exhausted. Id. at 8-9.

**I.**

Plaintiffs are two African-American men, who were employed by defendant as quality inspectors. Dkt. # 13, at 2. Plaintiffs allege that they were discriminated against and subjected to a hostile work environment by their supervisors, co-workers, and other management employees on the basis of their race. Id. at 4. Plaintiffs filed this suit in the District Court of Tulsa County, Oklahoma, alleging claims of racial discrimination and hostile work environment in violation of the

Oklahoma Antidiscrimination Act, Okla. Stat. tit. 25, § 1101 et seq. (OADA).[1] Defendant removed to this Court and filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. Dkt. ## 2, 9. Plaintiffs filed an amended complaint alleging the same racial discrimination and hostile work environment claims, but adding more details about defendant's alleged failure to comply with safety standards. Dkt. # 13, at 2-3. Defendant filed a motion to dismiss the amended complaint for failure to state a claim and failure to exhaust administrative remedies (Dkt. # 15), which is now before the Court.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555;

---

[1] Although plaintiffs failed to allege subject matter jurisdiction in their amended complaint, defendant asserts diversity jurisdiction in the notice of removal. See Dkt. # 2, at 2-3.

Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

### A.

The OADA prohibits employers from discriminating against individuals based on "race, color religion, sex, national origin, age, genetic information or disability." Okla. Stat. tit. 25, § 1302. Claims under the OADA are evaluated using the same standards as claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and a claim that fails under Title VII will also fail under the OADA. Gibson v. Mabrey Bank, No. 14-CV-0770-CVE-FHM, 2015 WL 5098698, at *11 (N.D. Okla. Aug. 31, 2015). To state a prima facie case of discrimination under Title VII, a plaintiff must allege: (1) that the victim belongs to a protected class; (2) that the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007). To state a prima facie case of hostile work environment, a plaintiff must allege: (1) he is a member of a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on his membership in a protected group; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of plaintiff's employment and created an abusive working environment. Harsco Corp. v. Renner, 475 F.3d 1179,

3

1186 (10th Cir. 2007). Plaintiffs do not need to establish prima facie cases of their claims at this stage, but "the elements of each alleged cause of action help to determine whether plaintiff has set for a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).

Defendant argues that plaintiffs have failed to state a claim for either discrimination or hostile work environment because their amended complaint alleges only conclusory statements. Dkt. # 15, at 8. Plaintiffs do not argue that their complaint contains sufficient factual allegations to support their claims. Instead, plaintiffs argue that the Court should consider the factual allegations contained in the charges of discrimination each plaintiff filed with the Oklahoma Attorney General's Office of Civil Rights Enforcement that defendant attached to its motion. Dkt. # 23, at 1-3. Rule 10(c) states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Plaintiffs argue that under Rule 10(c), the charges of discrimination attached to defendant's motion have been incorporated into the amended complaint. The Court finds plaintiffs' argument unconvincing. Rule 10(c) allows parties to incorporate into their pleadings documents that they have attached to those pleadings. There is no support in Rule 10(c), or the cases cited by plaintiffs, for the notion that factual allegations contained in an exhibit to defendant's motion to dismiss can be considered part of the amended complaint. Cf. Peters v. Black Tie Value Parking Serv., Inc., No. CIV-12-809-D, 2013 WL 149773, at *2 (W.D. Okla. Jan. 14, 2013) (rejecting plaintiff's argument that facts alleged in a charge of discrimination that was attached to the complaint could satisfy the pleading standards of Twombly and Iqbal).

Considering only the allegations contained in the amended complaint, plaintiffs have failed to state a claim of either racial discrimination or hostile work environment. The amended complaint alleges that plaintiffs are African American, but all other facts alleged to support their claims are

4

conclusory. Plaintiffs allege that they "were discriminated against and subject to a hostile work environment; that "[t]he amounts [they] were paid . . . showed discrimination and hostility"; that they "were . . . denied promotions based on their race"; that they were retaliated against after complaining about the discrimination; and that defendant's conduct "was extreme and outrageous." Dkt. # 13, at 4. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1109-10. Thus, plaintiffs have failed to state a claim upon which relief can be based.

Plaintiffs ask the Court for leave to file a second amended complaint. Dkt. # 23, at 2-3. Under Rule 15(a), leave to amend should be freely given absent a reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178 (1962); see also Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006). Defendant argues that plaintiffs should not be granted leave to amend because plaintiffs already filed an amended complaint that did not cure the deficiencies of their original petition. Defendant filed a motion to dismiss for failure to state a claim when it removed the case to this Court. Dkt. # 9. After defendant's motion, plaintiffs filed an amended complaint, and defendant argues that plaintiffs knew at that point that they needed to allege additional facts to support their claims. Defendant argues that plaintiffs have already had an opportunity to cure their failure to sufficiently state a claim and asks the Court to deny plaintiffs' request to file a second amended complaint on the ground that plaintiffs have been dilatory. Dkt. # 25, at 3.

Plaintiffs have made obvious errors in their pleadings, but the Court will grant plaintiffs one more opportunity to file a complaint that includes sufficient factual allegations to support their claims. The allegations must be contained in numbered paragraphs in the complaint. Plaintiffs must file their second amended complaint within fourteen days of this decision. This will be plaintiffs final opportunity to cure the deficiencies in their complaint.

**B.**

Defendant also argues that Monk's claim for hostile work environment and Van Doren's failure to promote claim should be dismissed for failure to exhaust administrative remedies. Dkt. # 15, at 1. For the Court to have jurisdiction over a plaintiff's OADA claims, the plaintiff must exhaust his administrative remedies by filing a charge of discrimination with, and receiving a right to sue letter from, the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission. Okla. Stat. tit. 25, § 1350. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). This is a more lenient pleading standard that is meant to take into consideration that many employees fill out charges of discrimination without the benefit of counsel. Mitchell v. City & Cnty. of Denver, 112 F. App'x 662, 667 (10th Cir. 2004).[2]

"To lay a factual foundation for a hostile work environment claim, [the plaintiff] must allege facts indicating a workplace 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

---

[2] This and all other unpublished opinions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

abusive working environment.'" Id. at 668 (quoting Davis v. U.S. Postal Serv., 142 F.3d 1334, 1341 (10th Cir. 1998)). Monk makes five allegations in his charge of discrimination: (1) he was passed over for promotions and raises due to his race; (2) a supervisor trained all non-black quality inspectors, but refused to train him; (3) he was removed from the quality office and placed in "unequal, harsher conditions than non-black inspectors," and when he complained, Monk was told it wasn't fair, but he would have to deal with it; (4) he was ordered to cover multiple areas while white inspectors were assigned only one area; and (5) he was "treated unfairly and threatened with termination" after complaining about white supervisors engaging in fraud. Dkt. # 15-1, at 1. Monk marked the dates of discrimination as April 15, 2014 to March 19, 2015 and checked the box for "continuing action." Id. Given the liberal construction of charges of discrimination, Monk has done enough to exhaust his administrative remedies for his hostile work environment claim. Monk complains that a supervisor refused to train him because he is African American, that he was told to get over allegedly discriminatory treatment, and that he was subject to harsh and unfair conditions. Thus, Monk's hostile work environment claim has been administratively exhausted.[3]

Plaintiffs do not dispute defendant's argument that Van Doren failed to exhaust his failure to promote claim. Nothing in Van Doren's charge of discrimination could reasonably be construed to state a claim for failure to promote. Therefore, Van Doren failure to promote claim is dismissed

---

[3] Nothing in the Court's decision should be construed as a finding that the allegations in Monk's charge of discrimination constitute a properly pled claim under Twombly and Iqbal. The standard for exhaustion of administrative remedies is different than the standard for surviving a Rule 12(b)(6) motion, and this decision does not prejudice defendant from arguing that Monk has failed to state a claim for hostile work environment in a future motion to dismiss.

7

for failure to exhaust administrative remedies, and he may not reassert this claim in plaintiffs' second amended complaint.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 15) is **granted in part and denied in part**. It is **denied** as to defendant's motion to dismiss Monk's hostile work environment claim for failure to exhaust administrative remedies; it is **granted** as to all other matters.

**IT IS FURTHER ORDERED** that plaintiffs may file a second amended complaint, consistent with the rulings herein, no later than **May 26, 2017**.

**DATED** this 12th day of May, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE